UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MOONRIDGE NEIGHBORHOOD ASSOCIATION, INC.; DEVELOPMENT SERVICES, INC.; SHELLI DAYLONG; STEPHANIE CHAMBERLAIN; SHURI URQUIDI, and any other agencies and employees of DEVELOPMENT SERVICES, INC.; JOHN HOXSEY, as an individual and any other past and present board members of the MOONRIDGE NEIGHBORHOOD ASSOCIATION,<br><br>    Defendants. | Case No. 1:19-cv-00507-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Raul Mendez's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Mendez's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Mendez's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Mendez's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the Court finds Mendez's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Mendez's application to proceed in forma pauperis and finds it does not conclusively establish his indigence. Mendez lists his bi-weekly income as $230.87, assumedly resulting in approximately $461.74 monthly. Mendez submitted a paystub running from December 1, 2019, to December 15, 2019, as evidence of his indigence. Dkt. 1-1.

Mendez reports his monthly expenses are $450 and he is the primary caregiver of his disabled mother stating he provides "as much [support] as possible." Dkt. 1, at 5.

Mendez concludes that his support of his disabled mother and his income places him in the poverty guidelines. Mendez did not submit other documentation of his income, his mother's dependence on his income, or any other personal financial statements corroborating his claims.

While it appears that Mendez spends approximately what he earns and does not have substantial discretionary income, he is not completely despondent. Accordingly, the Court will not waive the fee entirely, but will, nonetheless, lessen the financial burden by allowing Mendez to pay the fee over time.

For these reasons, the Court finds Mendez has sufficiently proved his indigence under 28 U.S.C. §1915. Mendez must pay the fee in $50 monthly installments.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each

claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "…over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

Here, Mendez accuses Defendants of violating provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692—1692p. Dkt. 1, at 11. Additionally, Mendez brings state law claims for Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Contract, Unjust Enrichment, and Intentional Infliction of Emotional Distress. *Id.*, at 12-16. At face value, Mendez's complaint contains issues all arising from violations of the FDCPA—a federal statute—which provides this Court with jurisdiction under § 1331.

The FDCPA outlines that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a). "Legislative history supports the contention that a debtor has standing to complain of violations of the Act, regardless of whether a valid debt exists." *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA also regulates "debt" which

is defined in the statute. *Bartlett v. Blaser, Sorensen & Oleson, Chartered*, 27 F. Supp. 3d 1092, 1102 (D. Idaho June 19, 2014). Debt within the meaning of the statute is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a (5).

In this case, Mendez alleges that certain unpaid Homeowners' Association fees (a "debt" by FDCPA definition) are the root cause of the FDCPA violations he levies against Defendants. Dkt. 2, at 3-11. Construing pro se pleadings liberally and giving Mendez the benefit of any doubt, the Court finds the federal question criteria of 28 U.S.C. § 1331 preliminarily met, and the state-law claims associated with the FDCPA violations are preliminarily contained under supplemental jurisdiction (28 U.S.C. § 1367).

### IV. CONCLUSION

Mendez's application to proceed in forma pauperis does not establish his indigency, however, the Court will allow Mendez to pay the filing fee over time. Mendez must pay $50 a month towards the filing fee. Additionally, Mendez's Complaint is legally sufficient, and this case may proceed.

### V. ORDER

1. Mendez's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein. Mendez need not prepay the fee in full; however, Mendez must pay $50.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal

of this case without further notice. The first payment is due on or before the last day of February 2020. The Court will allow Mendez to file and serve the Complaint before this payment is received.

2. After an initial review of the Complaint, the Court will allow Mendez to proceed with his claims against Defendants.

3. Mendez may proceed with service of the Summons of his Complaint in accordance with applicable procedures.[1]

DATED: January 28, 2020

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Mendez that he is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Mendez may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm.