UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>MOONRIDGE NEIGHBORHOOD<br>ASSOCIATION, INC.;<br>DEVELOPMENT SERVICES, INC.;<br>SHELLI DAYLONG; STEPHANIE<br>CHAMBERLAIN; SHURI URQUIDI,<br>and any other agencies and employees of<br>DEVELOPMENT SERVICES, INC.;<br>JOHN HOXSEY, as an individual and<br>any other past and present board<br>members of the MOONRIDGE<br>NEIGHBORHOOD ASSOCIATION,<br>INC.,<br><br>    Defendants. | Case No. 1:19-cv-00507-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Pending before the Court are two motions: Defendants' Motion to Dismiss (Dkt. 14) and Plaintiff Raul Mendez's Motion for Sanctions (Dkt. 17). Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For

the reasons set forth below, the Court GRANTS in part and DENIES in part the Motion to Dismiss and DENIES the Motion for Sanctions.

## II. BACKGROUND

On December 23, 2019, Mendez initiated this lawsuit. Dkt. 2. Mendez alleges that he is a member of Moonridge Neighborhood Association's ("Moonridge") Homeowners' Association ("HOA"), which is managed by Development Services, Inc. ("Development"). The individually named Defendants are purportedly employees and/or board members of the two entities. Mendez accuses Defendants of violating provisions of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 to 1692p. Dkt. 12, at 12. Additionally, Mendez brings Idaho state law claims for breach of contract; breach of the implied covenant of good faith and fair dealing; unjust enrichment; intentional infliction of emotional distress; a violation of the Idaho Collection Agency Act ("ICAA"), Idaho Code § 26-2221, *et seq.*; a violation of the Idaho Consumer Protection Act ("ICPA"), specifically Idaho Code § 48-603; and fraud. *Id.* at 12–20. Mendez alleges that Defendants are unlawfully both collecting HOA fees and seeking to collect certain unpaid HOA fees.

Mendez's claims significantly stem from Defendants' attempts to collect HOA fees for maintenance of the HOA's common area. In particular, Mendez alleges that Defendants have been repeatedly attempting to collect his unpaid fees since around the beginning of 2018. *Id.* at 4. Two attempts are especially pertinent to this matter. Mendez alleges, and Court filings reflect, that Moonridge filed a small claims action against Mendez to collect the fees on January 25, 2019. *Id.* at 10; Dkt. 14-3, at 1. Mendez further alleges that, on October 2, 2019, Development attempted to collect the fees by sending him an invoice.

Mendez's claims also arise from his allegations that Defendants are violating the HOA's conditions, covenants, and restrictions ("CC&Rs") by misappropriating the common area maintenance fees for their own use.

On January 28, 2020, the Court issued its Initial Review Order granting Mendez in forma pauperis status and allowing him to proceed with his case. Dkt. 5. As is required for cases brought by litigants who seek in forma pauperis status, the Court screened Mendez's Complaint. *See* 28 U.S.C. § 1915(e)(2). In doing so, the Court stated that it was engaging in "an initial review of Mendez's Complaint to ensure it me[t] the minimum required standards." *Id.* at 1. As is typical of these reviews, the Court assessed the Complaint "[a]t face value" and concluded that it was "sufficient to survive initial review." *Id.* at 2, 4. The Court concluded that jurisdiction was "preliminarily met, and the state-law claims associated with the FDCPA violations [we]re preliminarily contained under supplemental jurisdiction." *Id.* at 5.

On June 5, 2020, Defendants filed a Motion to Dismiss. Dkt. 10. Mendez did not respond, but he instead filed an Amended Complaint. Dkt. 12. Defendants withdrew their Motion to Dismiss, but, one week later, Defendants filed the instant Motion to Dismiss arguing that Mendez has failed to state claims upon which relief may be granted. Dkt. 13, 14. Mendez responded (Dkt. 16), and Defendants replied (Dkt. 18). In addition to responding to the Motion to Dismiss, Mendez filed the instant Motion for Sanctions. Dkt. 17. Defendants in turn responded (Dkt. 19), and Mendez replied (Dkt. 20). The Court will discuss the two pending motions in turn.

## III. DISCUSSION

### A.  Motion to Dismiss (Dkt. 14)

#### 1.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (cleaned up). "This is not an onerous burden." *Johnson*, 534 F.3d at 1122.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682 (2009) (cleaned up).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Id.* at 678. A court is not, however, "required to accept as true allegations that are merely conclusory,

MEMORANDUM DECISION AND ORDER - 4

unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

### 2. *Analysis*

Defendants argue that Mendez fails to state any claims upon which relief may be granted. Before addressing the specifics of each of Mendez's claims, the Court first addresses Mendez's procedural arguments. Mendez first asserts that "it is wholly inappropriate to file a Motion to Dismiss this early in this case and when no [d]iscovery has taken place."[1] Dkt. 16. In addition, Mendez contends that Defendants violated Federal Rule of Civil Procedure 8(b) by filing their Motion to Dismiss instead of an Answer. Mendez also argues that Defendants' Motion to Dismiss is improper since the Court already allowed this case to proceed upon screening Mendez's Complaint. These arguments gravely misconceive the Federal Rules of Civil Procedure ("Rules").

Prior to discovery is precisely when a motion to dismiss is supposed to be filed. The Rules not only allow a party to respond to a complaint by filing a motion to dismiss before filing an answer, they require the motion to precede the answer. *See* Fed. R. Civ. P. 12(a)(4) (explaining that serving a motion under Rule 12 alters the periods to file a responsive

---

[1] Mendez does not number the pages of his Response (Dkt. 16), as required by Dist. Idaho Loc. Civ. R. 5.2(a). Thus, all references to his Response have no page citation. Mendez must conform his filed papers with the local rules. *Brown v. City of Phoenix*, 874 F.2d 815, 815 (9th Cir. 1989) ("[A] pro se plaintiff must abide by the rules of the court in which he litigates.").

pleading); Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

Additionally, the screening or review of a complaint under 28 U.S.C. § 1915 is preliminary in nature. Complaints reviewed under that standard must pass only a very low threshold of scrutiny imposed by the Court. Section 1915 reviews in no way preclude defendants from filing subsequent motions to dismiss. *See Cusmano v. Sobek*, 604 F. Supp. 2d 416, 434–35 & n.29 (N.D.N.Y. 2009) (rejecting the party's argument that "the Court is essentially estopped from dismissing [a] claim under 28 U.S.C. § 1915(e)(2)(B)(ii), 1915A(b), because it reviewed and accepted [the] Complaint"). To the contrary, as Defendants point out, a motion to dismiss is completely congruent with the statute because it is aimed at the same goal of dismissing cases that fail to state claims, which is the Court's ongoing duty. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Moreover, the language of the Initial Review Order itself indicated it was only an initial review by mentioning that it was "an *initial review* of Mendez's Complaint to ensure it me[t] the *minimum required standards*" and that the Court would retain the case "preliminarily." Dkt. 5, at 1, 5 (emphasis added). Simply put, the Initial Review Order did not prohibit Defendants from filing dispositive motions in this case.

In short, Mendez's procedural arguments are without merit. That leaves the particulars of each cause of action. Before the Court addresses those, however, the Court notes that Mendez's Amended Complaint is very unclear as to who violated what and how, and in many respects fails to clearly allege the bases for his claims. *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief"); *Twombly*, 550 U.S. at 555 (explaining that Rule 8 requires the complaint to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (cleaned up)); *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996) (stating that if "one cannot determine from the complaint who is being sued, and for what relief, and on what theory," then the complaint violates Rule 8). Unfortunately, Mendez's Response is of little to no assistance as well. *See* Dkt. 16. Mendez does not point out how his allegations are sufficient on any of his claims, despite Defendants' arguments to that point. The Court will not do the bulk of Mendez's work for him. *Indep. Towers of Wa. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). With this in mind, the Court addresses each claim in turn.

    a.  <u>FDCPA</u>

Broadly speaking, the FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (cleaned up); *see also* 15 U.S.C. § 1692. Mendez alleges that Defendants have violated the FDCPA by repeatedly attempting to collect unpaid HOA fees. Defendants make three arguments for dismissal of Mendez's FDCPA claim.

First, Defendants argue that Mendez has failed to identify any party as a "debt collector." The FDCPA defines a "debt collector" as "any person ! who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). By definition, Moonridge is not a debt collector because Mendez's debt is allegedly owed to Moonridge and not to another. *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017) ("[U]nder the definition at issue before us you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector."). The Amended Complaint properly identifies Development, however, as a debt collector because Development allegedly attempted to collect a debt owed to another—Moonridge.[2] Although the Amended Complaint also identifies the individually named Defendants as debt collectors, Mendez's allegations are insufficient as to them for the reasons stated below.

Second, Defendants assert that Mendez has not alleged how any Defendant violated the FDCPA. But Defendants' subsequent argument itself identifies Mendez's allegations regarding how Development violated the FDCPA. While Defendants are correct that filing the small claims action is not a violation of the FDCPA provisions at issue in this matter because they were "filed by the holder of the debt, Defendant Moonridge—not Defendant [Development]," Dkt. 14, at 8; Dkt. 14-3, at 1, the invoice that Development sent Mendez on October 2, 2019, very well could be. Defendants suggest the invoice cannot be an

---

[2] Defendants argue that Development falls under one of the exceptions to the definition of "debt collector" because it has a fiduciary duty or obligation to manage the day-to-day operations of Moonridge. *See* 15 U.S.C. § 1692a(6)(F). However, Defendants have not carried their burden of showing that Development's contractual relationship rises to the level of a fiduciary primarily because they cite no legal authority and make only conclusory statements that such is the case. *See High Valley Concrete, L.L.C. v. Sargent*, 234 P.3d 747, 752 (Idaho 2010) (explaining that to establish a fiduciary relationship, the facts must show that the party is acting for the interest of the other party, not its own, and that the parties are not "dealing with one another at arm's length" (cleaned up)).

FDCPA violation "because an invoice constitutes the notification and/or verification of a debt, not further collection efforts." Dkt. 14, at 9. This argument is facially appealing, but it is ultimately unconvincing. Without knowing more about the contents of the invoice, the Court cannot rule as a matter of law that it was not a collection effort, let alone hold that any invoice cannot violate the FDCPA.

Lastly, Defendants contend that Mendez's FDCPA claim is barred by the statute of limitations. A claim under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Claims beyond a year are in turn beyond the Court's jurisdiction. *Id.*; *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) ("[A]bsent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered."). Mendez filed his Complaint on December 23, 2019. Thus, only alleged violations that occurred after December 23, 2018 are within the Court's jurisdiction. Because Mendez alleges that Development sent the invoice for fees on October 2, 2019, this claim is within the statute of limitations.

In sum, Mendez's FDCPA claim survives in part. The Motion to Dismiss is DENIED with respect to Mendez's FDCPA claim against Development solely for the October 2, 2019 invoice. The Motion to Dismiss is GRANTED with respect to Mendez's FDCPA claim against all other Defendants.

b.  Breach of Contract

Under Idaho law, to state a claim for breach of contract, a plaintiff must allege "(a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages,

and (d) the amount of those damages." *E.g.*, *Mosell Equities, LLC v. Berryhill & Co.*, 297 P.3d 232, 241 (2013). While Mendez vaguely alleges that the HOA's CC&Rs constitute a contract, that Defendants breached some of the CC&Rs,[3] and that this breach caused damages, he does not identify or even attempt to approximate his damages. *See, e.g.*, Dkt. 12, at 15–16, 19. This is a fatal defect, especially because nothing indicates that Mendez cannot allege the approximate amount of damages. He also fails to specify which Defendants purportedly breached the CC&Rs. Instead, Mendez vaguely refers to the HOA. For these reasons, Mendez's breach of contract claim lacks requisite specificity and must be dismissed.

Mendez's claim of a breach of the implied covenant of good faith and fair dealing must be dismissed for the same reasons. Mendez does not identify the specific contractual provision that Defendants allegedly violated or nullified or the contractual benefit that they allegedly significantly impaired. Moreover, the implied covenant of good faith and fair dealing is generally not a recognized claim in Idaho. "A violation of the implied covenant is a breach of contract. It does not result in a cause of action separate from the breach of contract claims, nor does it result in separate contract damages unless such damages specifically relate to the breach of the good faith covenant." *Saint Alphonsus Diversified Care, Inc. v. MRI Assocs.*, 334 P.3d 780, 794 (Idaho 2014) (citation omitted). Mendez does not identify any claimed damages specifically relating to the breach of covenant of good

---

[3] The provision Mendez alleges was breached appears to be a requirement that residents receive an annual operating statement each year. *See* Dkt. 12, at 19. However, Mendez does not provide the language of this provision. If he seeks leave to amend his Amended Complaint, and, if leave is granted on this claim, he will need to clearly identify all the provisions in the CC&Rs that he thinks were breached and must also provide their specific terms.

faith.

The Motion to Dismiss is GRANTED with respect to Mendez's breach of contract and breach of the implied covenant of good faith and fair dealing claims.

c. Unjust Enrichment

"Unjust enrichment occurs where a defendant receives a benefit which would be inequitable to retain without compensating the plaintiff to the extent that retention is unjust." *Vanderford Co. v. Knudson,* 165 P.3d 261, 271 (2007). "A prima facie case for unjust enrichment exists where: (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 336 P.3d 802, 805 (Idaho 2014) (cleaned up). "A person confers a benefit upon another if he or she gives the other some interest in money, land, or possessions, performs services beneficial to or at the request of the other, satisfies the debt of the other, or in any other way adds to the other's advantage." *Id.* (quoting 42 C.J.S. Implied Contracts § 9 (2013)).

Defendants' sole argument for dismissal of this claim is that Mendez "does not claim to have conferred any benefit upon any Defendant[s] in this matter . . . ." Dkt. 14, at 11. While Mendez's allegations are far from a shining example of clarity, it is reasonably discernible that he alleges the CC&Rs allow for the collection of maintenance fees for the common areas within his HOA, and that those fees must be used for the same. Dkt. 12, at 16–17. The benefit Mendez alleges he has conferred on all the Defendants is the money he

paid for common area maintenance, which he in turn alleges Defendants have misappropriated for their own use. Thus, Defendants' argument is unavailing.

The Motion to Dismiss is DENIED with respect to Mendez's unjust enrichment claim.

    d.  <u>Intentional Infliction of Emotional Distress</u>

Under Idaho law, "four elements are necessary to establish a claim of intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Eldridge v. West*, 458 P.3d 172, 178–79 (Idaho 2020) (cleaned up). "In addition, to recover damages for emotional distress, Idaho law clearly requires that emotional distress be accompanied by physical injury or physical manifestations of injury" with limited exceptions that do not apply in this case. *Id.*; *see also Brown v. Matthews Mortuary, Inc.*, 801 P.2d 37, 44 (Idaho 1990).

Here, Mendez fails to allege that he suffered emotional distress, let alone that such distress was severe. He fails to provide allegations of extreme and outrageous conduct or a causal connection between the alleged wrongful conduct and any emotional distress. And he does not allege any physical manifestations of injury. Nothing about this case even remotely indicates that Defendants' actions were intended to cause Mendez severe emotional distress. Accordingly, Mendez's claim of intentional infliction of emotional distress is dismissed. The Motion to Dismiss is GRANTED with respect to Mendez's intentional infliction of emotional distress claim.

e.  ICAA[4]

Mendez's allegations are insufficient to put Defendants on notice of their alleged misconduct. It is altogether unclear to the Court which provision of the ICAA Mendez claims was violated, how it was purportedly violated, and which Defendant(s) allegedly violated the ICAA. *See Stucker v. Idaho*, 2020 WL 7334533, at *1 (9th Cir. Dec. 14, 2020); *McHenry*, 84 F.3d at 1177–78. Therefore, Mendez's claim that the ICAA has been violated must be dismissed. The Motion to Dismiss is GRANTED with respect to Mendez's ICAA claim.

f.  ICPA

Similarly, it is wholly unclear to the Court which provision of the ICPA Mendez alleges that Defendants violated, how it was violated, and which Defendant(s) allegedly violated it. While Mendez does cite Idaho Code § 48-603 in general, there are many prohibited actions enumerated in this statutory provision. The Court cannot review the sufficiency of an alleged violation when it does not even know what the purported violation is. And to reiterate, Mendez does nothing in his Response to direct the Court's focus. *See Stucker*, 2020 WL 7334533, at *1; *McHenry*, 84 F.3d at 1177–78. Accordingly, Mendez's claim under the ICPA must be dismissed as well. The Motion to Dismiss is GRANTED with respect to Mendez's ICPA claim.

---

[4] Without citation to any legal authority, Defendants argue that there is no private right of action under the ICAA. Dkt. 14, at 12. In the absence of any legal authority to support this position, the Court declines to address whether or not there is a private right of action under the ICAA.

g.  Fraud

Under Idaho law, there are nine elements which must be alleged to state a cause of action for fraud: "(1) a statement or representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury." *Hayes v. Kingston*, 96 P.3d 652, 656 (Idaho 2004); *accord Budget Truck Sales, LLC v. Tilley*, 419 P.3d 1139, 1145 (Idaho 2018). In federal courts, a party must meet a heightened pleading standard when alleging fraud. Fed. R. Civ. P. 9(b) ("[A] party must state with particularity the circumstances constituting fraud . . . ."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Mendez has not alleged sufficient facts to state a claim for fraud. It appears that Mendez claims Defendants acted fraudulently by not disclosing the accounting documents related to common area maintenance and by stating that the HOA fees are in fact being used for the maintenance of the common areas. *See* Dkt. 12, at 19. However, Mendez does not even come close to alleging facts to support the other seven elements of a fraud claim.

Mendez counters that he was in fact attempting to assert a claim of constructive fraud, which he claims to have sufficiently alleged in his Amended Complaint. This argument suffers two fatal defects. First, a party cannot amend its pleading by merely saying so in a motion or response; rather, after the time for amendments as a matter of course has passed, all later amendments must be "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)(2). Thus, Mendez's purported update of his Amended Complaint is procedurally inefficacious.

MEMORANDUM DECISION AND ORDER - 14

Second, even if his Response did change his claim to one of constructive fraud, Mendez's allegations would still fall short because many of the same elements are still not met and because he has not alleged sufficient facts of a relationship of trust. *See Doe v. BSA*, 159 Idaho 103, 356 P.3d 1049, 1054-55 (2015) (explaining that "if a plaintiff establishes that there has been a breach of duty arising from a relationship of trust and confidence," he or she is not required to prove the speaker's knowledge of the falsity or intent of reliance, but the party still must prove the remaining seven elements of actual fraud). Accordingly, Mendez's fraud claim is dismissed.

The Motion to Dismiss is GRANTED with respect to Mendez's fraud claim.

## B.  Motion for Sanctions (Dkt. 17)

### 1.  Legal Standard

Federal Rule of Civil Procedure 11 allows for sanctions against an attorney, law firm, or party who violates Rule 11(b) by filing a pleading or motion without engaging in a reasonable inquiry to ensure that such is not frivolous, for an improper purpose, or lacking in evidentiary support, among other things. "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). While violations of Rule 11 are sanctionable by Rule 11's own terms, Rule 11 "must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously." *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).

"Imposing sanctions under Rule 11 'is an extraordinary remedy, one to be exercised with extreme caution.'" *Lee v. POW! Ent., Inc.*, 468 F. Supp. 3d 1220, 1230–31 (quoting

*Operating Eng'rs Pension Tr..*, 859 F.2d at 1345). "[C]ourts have significant discretion when determining whether to award sanctions." *Id.* at 1231; *see also DeDios v. Int'l Realty Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011).

   2.  *Analysis*

   Here, Mendez seeks sanctions against Defendants' attorneys, claiming that they did not engage in a reasonable inquiry of the Court's Initial Review Order. Mendez conjures a false dichotomy. He reasons that, because the Court allowed his claims to move forward at the initial review stage, the attorneys either did not review the order or reviewed it and disregarded it since the Court allowed his claims to proceed. Either way, Mendez suggests that Defendants' motions to dismiss after the Initial Review Order violate Rule 11. Mendez also complains that Defendants have filed various motions to dismiss in this case and a companion case.[5] He further claims that the motions were filed for improper purposes.

   Mendez's arguments are meritless for a few reasons. Again, as explained above, Mendez misapprehends the role of the Court in screening in forma pauperis filings. Contrary to Mendez's false dichotomy, this matter resides in a third logically valid scenario: Defendants reviewed the order and properly filed their Motion to Dismiss as such motions are allowed. Next, Defendants' filings are not baseless. As also explained above, many of Defendants arguments are persuasive to the Court, providing grounds to dismiss a majority of the claims in this case.

---

[5] In addition to the two Motions to Dismiss in this case, which were both proper, Mendez takes issue with the two motions to dismiss that were filed in a companion case. *See generally* Case No. 1:19-cv-00092-DCN, Dkt. 24. The motions to dismiss in the companion case do not provide grounds for sanctions as well because those two motions were granted, and the companion case was dismissed. Thus, they were certainly not improper.

MEMORANDUM DECISION AND ORDER - 16

Lastly, as to the various motions to dismiss filed, Defendants proceeded properly. Defendants voluntarily withdrew their first motion to dismiss after Mendez filed his Amended Complaint. *See* Dkts. 10, 13. This was proper because, under Federal Rule of Civil Procedure 15, an amended complaint filed as a matter of right becomes the operative complaint. Fed. R. Civ. P. 15(a)(1)(B); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *Barnes v. Dist. of Columbia,* 42 F. Supp. 3d 111, 117 (D.D.C. 2014). Accordingly, Defendants' initial Motion to Dismiss became moot, and Defendants dutifully withdrew it and filed the instant motion—all in line with the Rules.

In short, this is far from a situation that warrants sanctions, and Mendez's request is denied.

## V. ORDER

The Court HEREBY ORDERS:

1. Defendants' Motion to Dismiss (Dkt. 14) is **GRANTED in part and DENIED in part**:

   a. The Motion to Dismiss is **DENIED** with respect to Mendez's FDCPA claim against the Development for the October 2, 2019 invoice;

   b. The Motion to Dismiss is also **DENIED** with respect to Mendez's unjust enrichment claim against all Defendants;

   c. The Motion to Dismiss is **GRANTED** in all other respects, and all of Mendez's other claims are **DISMISSED without prejudice**.

2. Mendez may seek leave to amend his Amended Complaint. In the event Mendez does so, he must concurrently file both a Motion to Amend, and a redlined

Second Amended Complaint, showing the changes he has made to his Amended

Complaint, within thirty (30) days of the date of this Order. In the absence of

such filing, the claims will be dismissed with prejudice.

3. Plaintiff's Motion for Sanctions (Dkt. 17) is **DENIED**.

DATED: January 26, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 18