UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>MOONRIDGE NEIGHBORHOOD ASSICIATION, Inc., DEVELOPMENT SERVICES, INC., SHELLI DAYLONG, STEPHANIE CHAMBERLAIN, SHURI URQUIDI, and any other agents and employees of DEVELOPMENT SERVICES, INC., JOHN HOXSEY as an individual and any other past and present board members of the MOONRIDGE NEIGHBORHOOD ASSOCIATION, INC.,<br><br>        Defendants. | Case No. 1:19-cv-00507-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Moonridge Neighborhood Association, Inc.'s Motion for Summary Judgment.[1] Dkt. 33. Because oral argument would not significantly aid its decision-making process, the Court will decide the motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the Court will GRANT the motion and award summary judgment in favor of the Defendants.

---

[1] Because Moonridge and each of the other named defendants have filed the motion collectively, the court regards the motion as having been filed on behalf of all defendants.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

Plaintiff Raul Mendez ("Mendez") is a serial filer before this Court.[2] Defendant Moonridge Neighborhood Association, Inc. ("Moonridge") is a homeowner's association, or HOA, that covers the neighborhood where Mendez lives. Development Services, Inc., ("DSI") is the property management firm Moonridge contracts with. Around the time that Mendez sued his county commissioners for collecting his trash, *Mendez v. Ada Cty.*, 2020 WL 4455107 (D. Idaho Aug. 3, 2020), Sony for removing content from his PlayStation account, *Mendez v. Sony Computer Ent. Am., LLC*, 2022 WL 2179961 (D. Idaho June 15, 2022), and his local library for closing during the coronavirus pandemic, *Mendez v. Ada Cmty. Librs. Bd. of Trustees*, 2022 WL 548223 (D. Idaho Jan. 24, 2022), he also sued Moonridge for collecting HOA fees.

Moonridge charges its members $175 per year. Mendez decided this sum was too much. He asked to know how Moonridge spent the money, requesting "subdivision operating expenses and financial records showing how much money is in the bank." Dkt. 2, at 3. His questions did not stop there:

> [H]ow much out of the 175 dollars per resident goes to DSI per year? Do they use timesheets? How is billing done? Who specifically is being paid at DSI? What do you mean by 'day to day' operations? How many times have DSI [sic] enforced the [HOA bylaws] and how much time and efforts DSI took [sic] to enforce the [bylaws]? How much out of the 175 dollars goes into providing care for the neighborhood common areas each year? Don't you think residents have a right to start questioning how and where their money is going?

---

[2] *See Mendez v. City of Boise*, 2022 WL 834646 (D. Idaho Mar. 21, 2022) (recapping fifteen of Mendez's most recent cases before this Court and warning him against future frivolous litigation).

*Id.* at 11–12.

When Moonridge eventually stopped responding to Mendez's requests for financial information, he took his questions to DSI and demanded document production:

> [The] annual budget report, interim financial statements, approved vendor or contractors [sic] proposals, any policy changes, membership lists, reserves summary and account balances, executed contracts, state and federal tax returns, meeting agendas and minutes, check registers, documents for prospective purchasers, list of Moonridge residents who have been behind on payments including list of members who have been subjected to liens, bank statements [sic].

*Id.* at 7. DSI did not respond to Mendez's demands.

When Mendez stopped paying his HOA fees, Moonridge sent the debt to collections. Mendez disputed the debt under the Fair Debt Collections Practices Act ("FDCPA") because he believed the HOA charged more than was actually required to maintain the neighborhood's common areas.  DSI subsequently placed a lien on Mendez's property and sued him in small claims court for the unpaid fees: $876.49. It separately sent an invoice for the fees. Instead of paying the fees or fighting the case, Mendez paid the $400 filing fee to remove the small claims action to federal court. When the Court remanded for lack of subject matter jurisdiction, Mendez filed the instant federal complaint pro se, alleging violations of the FDCPA, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and intentional infliction of emotional distress.

Mendez never made initial disclosures. When the Court scheduled a conference to discuss his failure to make such disclosures, he cancelled hours beforehand and declined

MEMORANDUM DECISION AND ORDER – 3

to reschedule. Upon Moonridge's motion alleging failure to state a claim, (Dkt. 14), the Court dismissed all of Mendez's claims except those involving violation of the FDCPA[3] and unjust enrichment. Dkt. 21, at 17. Moonridge now moves for summary judgment on those claims.

### III. LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of summary judgment "is to isolate and dispose of factually unsupported claims[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Instead, there must be a genuine dispute as to a material fact—a fact "that may affect the outcome of the case." *Id.* at 248. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence, but may instead

---

[3] This claim only survived to the extent that it related to the invoice DSI sent on October 2, 2019.

simply point to the absence of evidence supporting the non-moving party's case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving party to produce evidence sufficient to show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076 (citations omitted).

The non-moving party must go beyond the pleadings and show "by . . . affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324 (internal quotation marks omitted). The Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). Rather, the "party opposing summary judgment must direct [the court's] attention to specific, triable facts." *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## IV. DISCUSSION

Mendez has two remaining claims. First, he contends DSI violated the FDCPA by attempting to collect a debt when it was not statutorily permitted to do so. Second, he maintains the Moonridge board members have unjustly enriched themselves by collecting his HOA fees and using them for their own personal benefit. The Court will consider each argument in turn.

### A. FDCPA

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting 15 U.S.C. § 1692e). To

establish a violation of the FDCPA, a plaintiff must show that: (1) he was a consumer; (2) who was the object of a collection activity arising from a consumer debt; (3) the defendant is a "debt collector" as defined by the FDCPA; and (4) the defendant engaged in an act or omission prohibited by the FDCPA. *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004). If a consumer timely notifies a debt collector in writing that he wishes to dispute the debt, debt collection efforts must stop until the debt collector obtains verification of the debt and mails it to the consumer. *See* 15 U.S.C. § 1692g(b).

Here, Mendez asserts that he is a consumer who was the object of a collection activity arising from a consumer debt, and that DSI is a debt-collector who engaged in an act prohibited by the FDCPA. Specifically, Mendez claims the invoice DSI sent to collect his unpaid HOA fees constituted a violation because it was a debt collection effort that went forward despite the debt being disputed. But Mendez has not offered any evidence to support his argument that the invoice in question constituted a debt collection activity within the meaning of 15 U.S.C. § 1692g(b). He has not produced the invoice. In fact, so far as the Court can tell, Mendez has failed to participate in discovery at all.

At trial, Mendez would bear the burden of proving that the invoice constituted an inappropriate debt collection activity, but presently, at the close of discovery, he has not offered *any* evidence to that effect. Thus, Mendez's FDCPA claim is not factually supported and may be properly disposed of at summary judgment. *See Celotex*, 477 U.S. at 323.

Mendez argues that he has been unable to submit evidence to support his claims because the relevant evidence has been ruled inadmissible. He argues that he should be

able to rely on the information submitted in Defendants' various motions to dismiss as factual support for his claims. The Court, however, has not issued any rulings excluding evidence in this case. Even if it had, evidence need not be admissible at trial to be considered at summary judgment. *Id.* at 324. The shifting burden of proof at summary judgment will not allow a non-moving party to rely on a moving party's briefs to thwart summary judgment. Instead, the non-moving party must go beyond the pleadings and show, "by . . . affidavits, or by the depositions, answers to interrogatories, or admissions on file," that a genuine dispute of material fact exists. *Id.* at 332. Mendez has not done so here. Thus, the Court will GRANT summary judgment on Mendez's FDCPA claim in favor of the Defendants.

## B. Unjust Enrichment

"Unjust enrichment occurs where a defendant receives a benefit which would be inequitable to retain without compensating the plaintiff to the extent that retention is unjust." *Vanderford Co. v. Knudson*, 165 P.3d 261, 271 (Idaho 2007). A prima facie case for unjust enrichment exists where there was: (1) a benefit conferred upon the defendant by the plaintiff; (2) "appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof." *Med. Recovery Servs., LLC v. Bonneville Billing & Collections, Inc.*, 336 P.3d 802, 805 (Idaho 2014) (cleaned up). "A person confers a benefit upon another if he or she gives the other some interest in money, land, or possessions, performs services beneficial to or at the request of the other, satisfies the debt of the other, or in any other way adds to the other's advantage." *Id*. (quoting 42

C.J.S. Implied Contracts § 9 (2013)).

Here, Mendez essentially argues that Moonridge board members have taken his HOA fees and misappropriated them for their own personal use. To support this argument, he has submitted various emails he exchanged with Moonridge and DSI, as well as all the prior pleadings in this case and in the state small claims court proceeding. His briefing does not, however, explain which parts of these documents create a factual issue for trial. The Court has carefully reviewed the documents and is unable to decipher how they satisfy the summary judgment standard. They do not establish any genuine dispute of material fact regarding Mendez's unjust enrichment claim. It is undisputed that Moonridge charges HOA fees and that Mendez believes such fees are unreasonable. But those facts are not enough to establish an unjust enrichment claim, let alone a genuine issue of material fact for trial. The Court is not in possession of any affidavit, admission, deposition, or answer indicating that members of Moonridge or DSI have misappropriated HOA funds for personal use. Accordingly, Mendez's unjust enrichment claim is factually unsupported. As such, the Court will GRANT summary judgment on this claim in favor of the Defendants.

## V. CONCLUSION

Mendez has failed to provide sufficient evidence to warrant a trial on his claims. Because Mendez's FDCPA and unjust enrichment claims are factually unsupported, the Court will GRANT summary judgment on both claims in favor of the Defendants.

## VI. ORDER

1.      Moonridge's Motion for Summary Judgment (Dkt. 33) is **GRANTED**.

MEMORANDUM DECISION AND ORDER – 8

a.  The Court grants summary judgment in favor of the Defendants on both

    of Mendez's remaining claims;

b.  The Court will issue a separate judgment pursuant to Federal Rule of

    Civil Procedure 58(a).

DATED: March 23, 2023

David C. Nye
Chief U.S. District Court Judge